EL PUEBLO, DEMANDANTE Y APELADO, *v.* VELÁZQUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por infracción a la Ley de Automóviles.

No. 1897.—Resuelto en abril 18, 1922.

AUTOMÓVILES—EXHIBICIÓN DE PLACAS POR LOS CONDUCTORES DE AUTOMÓVILES.— No infringe el inciso "*j*," artículo 5 de la ley para reglamentar el uso de vehículos de motor, aprobada en abril 13, 1916, un chófer que encontrándose sentado en su automóvil cuando éste no está en movimiento, y por tanto sin manejarlo, no lleva consigo su placa al ser requerido por la policía para que la exhiba cuando las circunstancias todas indican que dicho chófer no había estado manejando el automóvil poco antes sin la placa.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *H. Miranda* y *F. G. Pérez Almiroty.*

Abogado del apelado: Sr. *José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelante fué dos veces declarado culpable, primero, en la corte municipal y después de celebrado un juicio *de novo,* en la de distrito, por una supuesta violación del inciso "J", artículo 5, de la "Ley para reglamentar el uso de ve-

hículos de motor en Puerto Rico, aprobada en abril 13 de 1916.''

El inciso de referencia es como sigue:

''(*j*) Cada licencia tendrá un número correlativo y se suministrará a la persona a quien se expidiera, una chapa de metal con igual número, que deberá portarse por el tenedor de la licencia siempre que manejare un vehículo de motor. Deberá mostrarse la chapa a cualquier oficial de policía o caminero uniformado o que muestre su insignia, que solicitare verla, siempre que el tenedor de la licencia estuviere manejando un vehículo de motor.''

En el momento del arresto acababa de llegar a un hotel el apelante y estaba sentado en su automóvil. En la oficina del hotel tenía su maleta donde se encontraba la placa. Había dejado de manejar el automóvil y no se alega, ni se probó en el juicio, que se hubiera sacado algún equipaje de dicho automóvil antes de llegar al término del viaje, o que la maleta que contenía la placa no estuvo todo el tiempo en el vehículo durante tal viaje.

La mayor parte de la prueba se refiere a los pormenores de cierto incidente que culminó en el arresto del apelante. Este preludio, sin embargo, nada tiene que ver con la verdadera cuestión envuelta y no es necesario que se discuta.

La ley no dice que la chapa de metal deberá portarse por el dueño siempre que esté sentado en su carro, sin tenerse en cuenta las circunstancias, sino siempre que estuviere manejando el vehículo. Ni expresa tampoco que deberá mostrarse la placa en todos los casos en que la pida la policía, sino solamente cuando el oficial de policía ''solicita verla mientras el tenedor de la licencia estuviere manejando un vehículo de motor.''

Con un poco más de cortesía y consideración por parte de la policía, y también de tacto y prudencia por los *chauffeurs,* al proceder en una cuestión algo delicada, como ésta, a veces se evitarían molestias a las cortes y al Gobierno el gasto de tener que resolver casos en los que el único delito

cometido es una mutua falta de etiqueta con circunstancias atenuantes.

Debe revocarse la sentencia apelada.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no tomó parte en la vista de este caso.